UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE AYON, | 1:09-cv-00843 LJO MJS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS |
| v. | [Doc. 13] |
| JAMES D. HARTLEY, Warden, | FINDINGS AND RECOMMENDATION REGARDING PETITIONER'S MOTION TO AMEND |
| Respondent. | [Doc. 14] |

Petitioner, a state prisoner appearing pro se, has filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Respondent has filed a motion to dismiss the petition. (Mot. to Dismiss, ECF No. 13.) In response, Petitioner filed a motion to amend his petition. (Mot. to Amend, ECF No. 14.) The Court, having reviewed the papers submitted by counsel, the authorities cited therein, and the documents lodged therewith, hereby recommends that Respondent's motion to dismiss be denied.  The Court further recommends that Petitioner's motion to amend the petition, filed in response to the motion to dismiss, also be denied.

///

///

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was denied parole by the Board of Parole Hearings ("Board") on February 5, 2008. (Mot. to Dismiss., Ex. 1.) Petitioner challenged the decision of the Board by filing a petition for writ of habeas corpus with the Tulare County Superior Court, which that court denied in a reasoned decision. (Id.) Petitioner then filed petitions with the California Court of Appeals, Fifth Appellate District and the California Supreme Court. (Id., Exs. 2-3.) Both petitions were summarily denied. (Id.)

Petitioner filed the present federal petition on May 13, 2009. (Pet.) It alleges that Petitioner's due process rights were violated by the Board's decision because there is no evidence to support the Board's finding that Petitioner was an unreasonable risk of danger if paroled. (Id. at 4.) In support of his arguments, Petitioner asserts that the Tulare Superior Court mistakenly relied on another inmate's psychological report to deny his petition. (Id. at 7.)

Respondent filed a motion to dismiss on the ground that Petitioner failed to exhaust all of his state court remedies. (Mot. to Dismiss.) Specifically, Respondent argues that Petitioner's claim that the Tulare Superior Court relied on another inmate's parole hearing transcript and physiological report was not presented and exhausted in state court.. (Id. at 4.)

In response, Petitioner filed a motion to amend seeking to withdraw those portions of his petition that are allegedly not exhausted. (Mot. to Amend.)

## II. EXHAUSTION

"To satisfy the exhaustion requirement of § 2254, habeas petitioners must 'fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights.'" Lyons v. Crawford 247 F.3d 904 (9th Cir. 2001). A federal habeas court must consider whether the prisoner's filing in state court included reference to a specific federal constitutional guarantee, as well as a statement of the facts that entitle the petitioner to relief. Gray v. Netherland 518 U.S. 152, 162-3, 116 S. Ct. 2074, 135 L. Ed. 2d 457 (1996) Unless a petitioner first exhausts all of his claims in state court, a federal court must dismiss his petition, "leaving the prisoner with the choice of

returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Rose v. Lundy 455 U.S. 509, 510, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982).

In this case, Respondent alleges that Petitioner failed to present and exhaust his claim that the Tulare County Superior Court erred in citing information relating to another inmate in its decision. This is not, however, an independent "claim" that must be exhausted before being presented to this Court.

Petitioner claims that the decision of the Board in denying him parole was not based on evidence of his current dangerousness and violated his due process rights. Petitioner exhausted his remedies regarding this claim by presenting collateral challenges in the state courts. In response to his petition for habeas corpus challenging the Parole Board decision, the Tulare County Superior Court issued a decision allegedly containing information relating to a different inmate.[1]

First, there is no requirement that a petitioner resubmit a petition to a court to exhaust arguments relating to the decision of that very court. Such claims did not exist at the time the petition was filed with the Superior Court, and therefore could not be presented to the Court. Furthermore, the "claim" is not a claim at all.  Petitioner's underlying claim is that the Board decision was not decided upon evidence of his present danger to public safety. See In re Shaputis, 44 Cal.4th 1241, 1254 (2008); Hayward v. Marshall 603 F.3d 546, 560 (9th Cir. 2010).  However, federal courts review the last reasoned state decision to determine if it is contrary to or an unreasonable application of federal law. See 28 U.S.C. § 2254(d); Robinson v. Ignacio, 360 F.3d 1044, 1055 (9th Cir. 2004). Accordingly, Petitioner correctly presents arguments regarding alleged flaws in the last reasoned decision of the state courts in an attempt to guide this Court in its review of the merits of the motion to dismiss. The "claim" at issue is not barred by a failure to exhaust remedies.  This Court recommends that the motion

---

[1] This Court will not review the factual basis of Petitioner's claims regarding the contents of the decision of the Tulare County Superior Court at this time. The Court need only consider whether such claims, regardless of their validity, are exhausted.

to dismiss be denied.

### III.    PETITIONER'S MOTION TO AMEND

In response to Respondent's motion to dismiss, Petitioner filed a motion to amend his pleadings to remove the allegedly unexhausted claim. (Mot. to Amend.) As described above, the "claim" in question was not a claim, and need not be exhausted. There is no reason to remove the subject language from the Petition. Accordingly, this Court recommends that the motion to amend be denied.

### IV.    CONCLUSION

Petitioner's claim was fairly presented to the California Supreme Court. Petitioner's arguments regarding the findings of the Superior Court are not separate claims and need not be exhausted. This Court recommends that Respondent's motion to dismiss and Petitioner's motion to amend be denied.

### V.    RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss and Petitioner's motion to amend the pleadings both be DENIED.

This Findings and Recommendation is submitted to the Honorable Lawrence J. O'Neill, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the

///

///

///

specified time may waive the right to appeal the Order of the District Court.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:     September 6, 2010                    /s/ *Michael J. Seng*
                                                UNITED STATES MAGISTRATE JUDGE